† STATE OF MAINE *versus* STEVENS.

In an indictment for keeping a *house* of ill fame, it is unnecessary to describe the *street* where it is situated.

And as the keeping of such a house is made a statute offence, it is not necessary for the indictment to conclude, that the act was to the *common nuisance* of the public.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

INDICTMENT against the defendant in this form : —

The jurors, for the state aforesaid, upon their oath present, that William L. Stevens, of Bangor, in the county of Penobscot, laborer, on the first day of September, in the year of our Lord one thousand eight hundred and fifty-two, and on divers other days and times between that day and

the day of the taking of this inquisition, at Bangor, aforesaid, did keep and maintain, and doth yet keep and maintain a house of ill fame, resorted to for the purpose of prostitution and lewdness, against the peace of said state, and contrary to the form of the statute in such case made and provided.

On trial, a verdict was returned against the respondent, and he moved in arrest, for reasons which appear in the opinion.

*Knowles,* with whom was *Waterhouse,* for defendant.

*Abbott, Att'y Gen.,* for the State.

TENNEY, J. — The indictment is not defective in substance or form, on account of the omission to state the street, in which the house, that is alleged to have been unlawfully kept, was situated. It is a general rule, when the act itself is not necessarily unlawful, but becomes so by its peculiar circumstances and relations, all the matters must be set forth in which its illegality consists. That which will constitute a nuisance in one situation, may be perfectly lawful in another. "But when the act is manifestly an offence, as for keeping a house of ill fame, this precaution is needless." 1 Chit. Cr. Law, 229 & 230. It is said by Lord MANSFIELD, in *Rex* v. *Horne,* Cowper, 672, "when the circumstances go to constitute a crime, they must be set out; when a crime is a crime independently of such circumstances, they may aggravate, but do not contribute to make the offence."

It is insisted, that the words, "to the common nuisance of all the inhabitants of the State," which are often, if not generally found in indictments, for an offence like the one intended to be charged in this case, are material. It is said, by Mr. Chitty, in 1 Chit. Cr. Law, 245, "in the conclusion of an indictment, or each count, there are several matters in common use, which do not seem to be at all material," and some are mentioned as examples, "but the words to the common nuisance of all the liege subjects of our Lord, the

King, seem, according to the better opinion, to be necessary in indictments for common nuisances."

A house of ill fame, by the common law, may be a common nuisance, and in an indictment against a person for keeping such a house, as being a common nuisance, the words, "to the common nuisance, &c., are undoubtedly essential to the validity of the indictment."

The indictment, which we are now considering, is for an offence created by statute c. 160, § 15, which provides, "any person, who shall keep a house of ill fame, resorted to for the purpose of prostitution or lewdness, shall be punished by imprisonment, &c. This chapter is entitled, "Of offences against chastity, morality, and decency," and the keeping of a house of ill fame, &c., is made a crime of itself, independent of other facts, or circumstances. The indictment is not for the offence of keeping a house of ill fame, *as a common nuisance*, but for a violation of the statute referred to. It is in the language of the statute, and is sufficient.                                   *Exceptions overruled.*